UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESEE
NASHVILLE DIVISION

DANA MORROW,

  Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC. and PINNACLE FINANCIAL PARTNERS, INC.,

  Defendants.

_____/

CASE NO.:

**JURY TRIAL DEMANDED**

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DANA MORROW (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") and PINNACLE FINANCIAL PARTNERS, INC. (hereinafter "Pinnacle") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

1

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Rutherford County in the State of Tennessee. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and Experian and Pinnacle transact business within this District.

9. Experian is a corporation headquartered in the State of California, authorized to conduct business in the State of Tennessee through its registered agent, C T Corporation System located at 300 Montvue Road, Knoxville, Tennessee 37919.

10. Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Experian disburse such consumer reports to third parties under contract for monetary compensation.

12. Pinnacle's principal place of business is located at 150 3rd Avenue South, Suite 900, Nashville, Tennessee 37201.

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person and resident of the State of Tennessee.

14. On October 11, 2010, Plaintiff was faced with financial challenges and filed for Chapter 13 Bankruptcy. During this time payment for Plaintiff's loan was paid through her Bankruptcy Trustee.

15. On June 9, 2016 Plaintiff's Chapter 13 Bankruptcy case was terminated by the Court.

16. On or about August of 2019, Plaintiff became aware of Experian reporting her loan with Pinnacle Bank as not paid and "charged-off".

17. In response to the inaccurate reporting, On August 9, 2019, Plaintiff wrote a letter to Pinnacle to dispute the inaccurate reporting and provided payment records and court documents to illustrate that she was never late on her payments.

18. After communicating with Pinnacle for over a year, Plaintiff received a letter dated September 8, 2020 from Pinnacle determined, "We have cleared the remaining balance and closed the loan based on the payments being returned in error. The attached correction has been filed with Equifax, Experian and Transunion to correct the paid off date to February 16, 2016."

19. On December 1, 2020, Plaintiff obtained a copy of her Experian Credit Report (report number 1747-2864-21). Upon review, Plaintiff review she noticed the Pinnacle Bank Account 600289330 status was being reported as "Paid. Closed. $833 written off."

20. On March 22, 2021, Plaintiff mailed a written dispute letter to Experian concerning the inaccurate reporting of the Pinnacle account. Plaintiff

explained in the letter that during the time of the alleged late payments, she was in bankruptcy and all payments were issued by her Bankruptcy Trustee and payments were never late. Plaintiff provided snapshot images of letters from her Chapter 13 Trustee and Pinnacle Bank.

21. On March 24, 2021, Experian responded to Plaintiff's dispute regarding the Pinnacle Bank account 60028xxxx by stating, "The item you disputed has been updated…"

22. Frustrated that Experian has not corrected the Pinnacle account information, on May 14, 2021, Plaintiff mailed out another detailed dispute letter. Plaintiff again explained that payments for the said account were never late. Plaintiff provided proof of her bankruptcy case and the pull page provided by Pinnacle dated September 8, 2020 informing the account has been corrected and the CRAs were notified to remove the derogatory remark.

23. The Pinnacle account was the result of negligent or willful mishandling by Pinnacle, and failure by Experian to investigate all of the facts which the Plaintiff explained in detail in her dispute letters.

24. Experian failed to independently conduct any investigation, Upon information and belief, Experian notified Pinnacle of Plaintiff's dispute of the account, but clearly failed to do any independent investigation.

25. Pinnacle verified the account "written off" status to Experian, despite informing Plaintiff they would inform the Credit Reporting Agencies of the proper account status.

26. Experian failed to report the proper information on Plaintiff's credit report despite having been give ample notice of its error. Plaintiff has previously disputed this fraudulent account. Plaintiff continues to incur damages because of Defendants' inaccurate reporting.

27. As a result of the inaccurate credit reporting, Plaintiff has suffered damages including, but not limited to:

   a. Monies lost by attempting to fix her credit;

   b. Loss of time attempting cure the error;

   c. Mental anguish, stress, aggravation, embarrassment and other related impairments to the enjoyment of life;

28. All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I
### (Violation of the FCRA- As to Experian)

29. Plaintiff re-alleges and fully incorporates paragraphs one (1) through twenty-eight (28) above as is fully stated herein.

30. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

31. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

32. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. Experian failed to properly conduct any independent investigation regarding the erroneous reporting. Experian had the phone number of the original creditor and failed to communicate with Pinnacle Bank or Plaintiff to further investigate. Plaintiff provided Experian an image of Pinnacle admitting its mistake but chose to continue to report the derogative account.

33. Experian failed to have policies and procedures to investigate the relationship of deleted addresses with disputed accounts and merely parrots back the electronic communication from the furnishers.

34. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, and EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages,

7

Case 3:21-cv-00488   Document 1   Filed 06/24/21   Page 7 of 12 PageID #: 7

costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## **COUNT II**
### **(Violation of the FCRA As to Experian)**

35. Plaintiff re-alleges and fully incorporates paragraphs one (1) through twenty-eight (28) above as is fully stated herein.

36. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is not always reliable.

37. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials. Plaintiff has purposely refrained from applying for more credit because of the erroneous reporting by Experian. Experian was made aware of the dispute about the erroneous reporting of the Pinnacle Bank account and refused to remove it.

38. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be

determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o. Experian had images of admissions by Pinnacle of their mistake and chose to ignore the admissions.

39. The Plaintiff is entitled to recover costs and attorney's fees Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
**(Violation of the FCRA As to Pinnacle Financial Partners, Inc.)**

40. Plaintiff re-alleges and fully incorporates paragraphs one (1) through twenty-eight (28) above as is fully stated herein.

41. On at least one occasion within the past two years, by example only and without limitations, Pinnacle violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

42. 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

43. When Plaintiff mailed her detailed, written disputes and enclosures to the CRAs, they used e-Oscar to transmit those disputes to Pinnacle via ACDV forms.

44. The ACDV form is the method by which Pinnacle has elected to receive consumer disputes pursuant to 15 U.S.C. §§ 1681i(a) and 1681s-2(b).

45. Pinnacle understood the nature of the Plaintiff's dispute when it received the ACDV from Experian, TransUnion and Equifax.

46. When Pinnacle received the ACDV from Experian, TransUnion and Equifax, it as well could have reviewed its own systems and previous communications with the Plaintiff and discovered that Pinnacle in fact had connected Plaintiff to an account with a company at which he has never had service with, and the debt for which should not have made it onto Plaintiff's consumer report.

47. Notwithstanding the above, discovery will show Pinnacle follows a standard and systemically unlawful process when it receives the ACDV dispute. Basically, all Pinnacle does is review its own internal computer screen with basic data for the account and repeat back to the ACDV system the same information Pinnacle already had reported to the CRAs. Pinnacle at all times had possession of the application, identification of the buyer, and additional information that could have easily discovered the fraud.

48. When Pinnacle receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate.

49. As a result of Pinnacle's violations of 15 U.S.C. § 1681s-2(b)(1)(A) and (B), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

50. The violations by Pinnacle were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Pinnacle was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

51. Discovery will confirm that the procedures followed regarding the FCRA dispute through e-Oscar were the procedures that Pinnacle intended its employees or agents to follow.

52. Because of Pinnacle's failures in investigating Plaintiff's disputes, Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Pinnacle in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, PINNACLE FINANCIAL PARTNERS INC., for statutory damages, punitive damages, actual damages, costs, interest,

attorneys' fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

Respectfully submitted,

**/s/ Frank H. Kerney, III**
Frank H. Kerney, III, Esquire
Tennessee Bar #: 035859
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Tele: (813) 225-6745
Fax: (813) 223-5402
Primary Email: Fkerney@forthepeople.com
Secondary Email: Tgomez@forthepeople.com
Noticed Email: lsommers@forthepeople.com
*Attorney for Plaintiff*